# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WILLIAM M., )<br>       Plaintiff, )<br>      )<br>v. )<br>      )<br>ANDREW SAUL, Commissioner of the )<br>Social Security Administration, )<br>       Defendant. ) | CAUSE NO.: 2:18-CV-404-JVB |

## OPINION AND ORDER

Plaintiff William M. seeks judicial review of the Social Security Commissioner's decision denying his claim for disability insurance and asks this Court to reverse the decision of the Commissioner of Social Security and remand the case for further administrative proceedings. For the reasons stated below, the Court grants Plaintiff's request.

## PROCEDURAL BACKGROUND

On May 12, 2014, Plaintiff applied for disability insurance benefits under Title II. Plaintiff alleges that he became disabled on August 20, 2012. After a January 6, 2017 hearing, an administrative law judge (ALJ) issued an order denying Plaintiff's claim. In this order, the ALJ found that Plaintiff suffered from the severe impairments of jugular venous thrombosis, heart disease status post CABG x4, polycythemia vera, GERD, headaches, cervical degenerative disc disease, lumbar degenerative disc disease, and obstructive sleep apnea. (AR 20). The ALJ found that, through the date last insured, Plaintiff was unable to perform any past relevant work. (AR 26). However, the ALJ did find that "the claimant had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy." (AR 27). Therefore, the ALJ found Plaintiff not disabled from August 20, 2012,

through June 30, 2013, the date last insured. The ALJ's decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that remand is necessary because the Commissioner did not meet his burden at step five of the sequential disability inquiry to establish that there are jobs in a significant number in the national economy that Plaintiff can perform.

2

A vocational expert testified at Plaintiff's hearing that a hypothetical individual with Plaintiff's age, education, past relevant work experience, and residual functional capacity (RFC) could perform the job of dispatcher (*Dictionary of Occupational Titles* number 912.167.00). However, the ALJ did not cite to evidence of—or even assert without evidentiary support—the number of such jobs that exist in the national economy.

The Commissioner argues that, because Plaintiff has past relevant work as an air traffic control specialist, the ALJ actually found that Plaintiff did not meet his burden at step four to show that he could not perform his past relevant work (PRW). This argument is not supported by the record or the Commissioner's own response brief. First, the ALJ's explicit finding that Plaintiff "was unable to perform any past relevant work" belies the Commissioner's argument that the ALJ denied Plaintiff's claim at step four. (AR 26). Second, the Commissioner, in his response brief, states that "at **step four**, [the ALJ] found that Plaintiff was not able to perform his PRW as an air traffic control specialist, because that job was exertionally light."[1] (Resp. 4-5, ECF No. 14 (emphasis in original)).

The ALJ reached step five of the sequential analysis—the step at which the burden shifts to the Commissioner. *Chavez v. Berryhill*, 895 F.3d 962, 964 (7th Cir. 2019) (citing 20 C.F.R. § 416.960(c)(1); *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004)). The ALJ cites no evidence of the number of dispatcher jobs that the ALJ found Plaintiff able to perform. Plaintiff asserts, and the Commissioner does not contest, that the vocational expert, in her testimony, did not provide an estimate on the number of such jobs that exist in the national economy. In other words, the step five finding is not supported by substantial evidence, so the Court will reverse the ALJ decision and remand this matter for further administrative proceedings.

---

[1] The ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work. (AR 23-24).

Plaintiff presents other arguments for remanding the Commissioner's decision, but because the ALJ's error at step five is outcome determinative, the Court need not address them here. However, on remand, the Court directs the ALJ to (1) consider any allegations by Plaintiff that he is unable to maintain any certifications or professional licenses required by any jobs that the ALJ finds that Plaintiff is able to perform, and (2) consider all of Plaintiff's limitations and impairments, including mild limitations and non-severe impairments, when determining Plaintiff's residual functional capacity.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Memorandum in Support of Reversing the Decision of the Commissioner of Social Secuirty [DE 11], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on February 4, 2020.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT